UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**DOK SOLUTION LLC, a Florida limited
liability company,,**

    **Plaintiff,**

v.                                                 Case No.  8:14-cv-1910-T-30TBM

**FKA DISTRIBUTING CO., a Michigan
limited liability company d/b/a HMDX,**

    **Defendant.**
_____/

## ORDER

THIS CAUSE comes before the Court upon Defendant's Dispositive Motion for Summary Judgment of Non-Infringement (Dkt. 27) and Plaintiff's Response in Opposition (Dkt. 37).  The Court, having reviewed the motion, response, and being otherwise advised in the premises, concludes that the motion should be denied without prejudice as premature.

## BACKGROUND

This is a patent case; the complaint asserts that Defendant FKA Distributing Co. infringed five of Plaintiff DOK Solution LLC's patents (the "DOK patents").  The DOK patents are directed to an "Adaptable Digital Music Player."  The infringement claims are against FKA's product, the JamZZZ Clock Radio.  FKA now moves for summary judgment claiming that there are two requirements that are not present in the accused JamZZZ Clock Radio:

> **First**, there must be decreasingly sized openings *towards* the bottom of the cavity formed by steps or ledges. And importantly, the size of each opening must correspond to a particular device so that a different size device will fit in each opening bounded by the steps. **Second**, a support wall must extend from the upper surface of the base. The lack of any one of these required limitations results in non-infringement.

(Dkt. 27) (emphasis in original).

DOK opposes the motion on multiple grounds. First, DOK argues that FKA's motion violates the Court's scheduling order (Dkt. 33) that outlines detailed deadlines related to claim construction, discovery, and the filing of dispositive motions. Notably, the dispositive motion deadline in this case is not until June 3, 2016.

Next, DOK argues that FKA's motion is premature because discovery is incomplete and the Court has not construed the claims at issue in this case.[1]

Finally, DOK contends that, in the event the Court entertains FKA's motion, DOK has provided testimony of a person of ordinary skill in the art who establishes that a proper construction of DOK's claims reflects that FKA's JamZZZ Clock Radio infringes DOK's patents.

As explained below, the Court concludes that FKA's motion is premature at this early stage.

## DISCUSSION

In a patent case, a determination of infringement, or non-infringement, is a two-step analysis. The court must first determine the scope and meaning of the patent claims asserted.

---

[1] A claim construction hearing is scheduled on July 15, 2015.

The second step is to compare the construed claims to the allegedly infringing device or process. *See Apex Inc. v. Raritan Computer, Inc.,* 325 F.3d 1364, 1370 (Fed. Cir. 2003). Claim construction is a question of law for the court to decide. *See Markman v. Westview Instruments, Inc.,* 517 U.S. 370 (1996). "While the court construes the claims according to their ordinary and customary meanings, terms may have more than one ordinary meaning, or the term's ordinary meaning may not resolve the parties' dispute." *See Intellect Wireless, Inc. v. T-Mobile USA, Inc.*, 735 F. Supp. 2d 928, 932-33 (N.D. Ill. 2010) (internal citations omitted). When, as here, the parties dispute the meaning of a term, claim construction is necessary to determine the term's meaning. *See Trading Techs. Int'l, Inc. v. eSpeed, Inc.,* 595 F.3d 1340, 1351 (Fed. Cir. 2010) ("In sum, claim construction involves many technical, scientific, and timing issues that require full examination of the evidence and factual resolution of any disputes before setting the meaning of the disputed terms.").

Here, as DOK points out, the Court has insufficient information to construe the claims at issue; indeed, claim construction has not yet occurred and discovery regarding the same is ongoing. FKA merely provides the Court with its own interpretation of the plain language of the claims. "That is not sufficient to meet its burden under the legal standard of any motion." *Etagz, Inc. v. Quicksilver, Inc.,* No. SACV 10-0300, 2012 WL 2135497, at *3 (C.D. Cal. June 11, 2012) (denying summary judgment motion as "premature," and noting that "[n]umerous courts have held that the inquiry of whether two claims are identical should not occur until after formal claim construction."). FKA is free to raise this issue at a later stage, *after* the Court has the benefit of a full claim construction hearing. *See Stratasys, Inc.*

*v. Microboards Technology, LLC*, Civil No. 13-3228 (DWF/TNL), 2014 WL 5438396, at *2 (D. Minn. Oct. 22, 2014) (denying as premature defendant's motion for summary judgment on the issue of infringement filed prior to claim construction proceedings).

It is therefore ORDERED AND ADJUDGED that:

1. Defendant's Dispositive Motion for Summary Judgment of Non-Infringement (Dkt. 27) is denied without prejudice as premature.

2. The parties are advised that, going forward, they may file only **one** motion for summary judgment in this case at the appropriate time.

**DONE** and **ORDERED** in Tampa, Florida on April 8, 2015.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\2014\14-cv-1910.patent-denymsj-premature-27.frm