**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**DOK SOLUTION LLC, a Florida limited**
**liability company,**

    **Plaintiff,**

v.                                                         Case No. 8:14-cv-1910-T-30TBM

**FKA DISTRIBUTING CO., a Michigan**
**limited liability company d/b/a HMDX,**

    **Defendant.**
_____/

## ORDER

THIS CAUSE comes before the Court upon Plaintiff's Claim Construction Brief (Dkt. 44), Defendant's Claim Construction Brief (Dkt. 45), and the parties' Joint Pre-Hearing Statement (Dkt. 46). On July 15, 2015, the Court held a claim construction hearing and heard argument from counsel. Upon review of the parties' briefs, and with the benefit of hearing the parties' arguments at the claim construction hearing, the Court now construes the eight disputed claims as stated herein.

### BACKGROUND

This is a patent case; the complaint asserts that Defendant FKA Distributing Co. infringed five of Plaintiff DOK Solution LLC's patents (the "DOK patents"). The DOK patents are directed to an "Adaptable Digital Music Player." The infringement claims are against FKA's product, the JamZZZ Clock Radio.

The parties indicated to the Court in their Joint Claim Construction Statement (Dkt. 39) that they narrowed and finalized the claim terms. In doing so, Plaintiff determined that it would not assert infringement of U.S. Patent No. 8,116,077, U.S. Patent No. 8,593,804, and U.S. Patent No. 8,675,356 against the JamZZZ Clock Radio accused product. The parties seek interpretation of the independent claims of U.S. Patent No. 7,742,293 (the "293 patent," entitled, "Adaptable Digital Music Player Cradle") and U.S. Patent No. 8,432,667 (the "667 patent," entitled, "System, Method and Apparatus for Supporting and Providing Power to a Music Player").

The parties' claim construction positions are set forth in the chart attached to their Joint Claim Construction Statement (Dkt. 46-1); they seek the Court's construction with respect to eight terms/phrases.

## DISCUSSION

### I. Legal Standard

In a patent case, a determination of infringement, or non-infringement, is a two-step analysis. The court must first determine the scope and meaning of the patent claims asserted. The second step is to compare the construed claims to the allegedly infringing device or process. *See Apex Inc. v. Raritan Computer, Inc.,* 325 F.3d 1364, 1370 (Fed. Cir. 2003).

Claim construction is a question of law for the court to decide. *See Markman v. Westview Instruments, Inc.,* 517 U.S. 370 (1996). "It is well-settled that, in interpreting an asserted claim, the court should look first to the intrinsic evidence of record, i.e., the patent itself, including the claims, the specification and, if in evidence, the prosecution history."

*Interactive Gift Express, Inc. v. CompuServe, Inc.,* 256 F.3d 1323, 1331 (Fed. Cir. 2001) (quoting *Vitronics Corp. v. Conceptronic, Inc.,* 90 F.3d 1576, 1582 (Fed. Cir. 1996)).

Within the "intrinsic evidence," the court analyzes the words of the claims. *Teleflex, Inc. v. Ficosa N. Am. Corp.,* 299 F.3d 1313, 1324 (Fed. Cir. 2002); *Vitronics Corp.,* 90 F.3d at 1582. The words of the claims are "generally given their ordinary and customary meaning;" in other words, they are given "the meaning that the term would have to a person of ordinary skill in the art in question at the time of the invention, i.e., as of the effective filing date of the patent application." *Phillips v. AWH Corp.,* 415 F.3d 1303, 1312-13 (Fed. Cir. 2005). The ordinary and customary meaning of a claim term may be determined solely by viewing the term within the context of the claim's overall language. *See id.* at 1314 ("[T]he use of a term within the claim provides a firm basis for construing the term."). Moreover, the use of the term in other claims may provide guidance regarding its proper construction. *See id.* ("Other claims of the patent in question, both asserted and unasserted, can also be valuable sources of enlightenment as to the meaning of a claim term.").

A claim should also be construed in a manner that is consistent with the patent's specification. *See Markman,* 52 F.3d at 979 ("Claims must be read in view of the specification, of which they are a part."). Typically, the specification is the best guide for construing the claims. *See Phillips,* 415 F.3d at 1315; *Vitronics,* 90 F.3d at 1582 ("[T]he specification is always highly relevant to the claim construction analysis. Usually, it is dispositive; it is the single best guide to the meaning of a disputed term.").

District courts may also consider "extrinsic evidence," such as dictionaries or technical treatises, to help understand the underlying technology and the manner in which one skilled in the art might use claim terms. *See Phillips,* 415 F.3d at 1318. Ultimately, however, "extrinsic evidence" is "less significant than the intrinsic record in determining the legally operative meaning of claim language." *Id.* at 1317.

The Court now turns to the disputed claim terms and phrases, keeping these legal standards in mind.

## II.   Disputed Claims

### 1.   "ledges"

Defendant's proposed construction of the term "ledges" is: "a narrow, flat surface that sticks out from a wall." At the claim construction hearing, Plaintiff's counsel stated that Plaintiff did not object to Defendant's construction if the Court omitted the word "flat." The Court agrees with this construction and construes the term as follows: "a narrow surface that sticks out from a wall." The use of the word "flat" in the construction is unnecessary. Defendant relies on extrinsic evidence, specifically, dictionary definitions of the term "ledge" to argue that "flat" is an acceptable description of the term. This limitation is inconsistent with the intrinsic evidence. Moreover, its inclusion is more likely to confuse a jury.

2. **"ledges of decreasing size towards a bottom of the cavity, whereas each ledge is sized to hold a different one of the multiple digital music players"**[1]

Defendant's proposed construction of this phrase is: "stairs to the bottom of the cavity, where each subsequent step downward is sized to hold a different, smaller electronic device." At the claim construction hearing, Plaintiff's counsel indicated that Plaintiff did not object to Defendant's construction if the Court struck the words "stairs" and "smaller" because these words are not present in the specifications. The Court construes this phrase as follows: "steps or ledges to the bottom of the cavity, where each subsequent step downward creates a decreasing sized sub-opening to hold a different sized digital music player." The Court's construction is consistent with The Summary Of The Invention section of the 293 Patent that makes the point repeatedly that the invention includes "ledges of decreasing size towards the bottom of the cavity [that] are configured to each hold a different one of the multiple digital music players." (Dkt. 44-1 at 2:47-50; 2:33-35; 3:4-6). It is also consistent with the specifications and subsequent claims.

Specifically, as explained by subsequent claims, the language refers to an opening created by the ledge or the step. The '077 and '677 patents use the term "sub-openings" to refer to the space created by the ledge or step, and the "sub-opening" is what decreases in size towards the bottom of the cavity. The Court concludes that inserting the word "smaller,"

---

[1] '293 claims 1, 7, and 12

as Defendant suggests is unnecessary in light of the Court's construction of the phrase. There is also no support for inserting the word "stairs."

### 3.     "decreasingly sized sub-openings towards a bottom of the cavity, whereas each sub-opening is sized corresponding to a different one of the plurality of digital music players"[2]

Defendant's proposed construction of this phrase is: "different sized openings to the bottom of the cavity formed by at least one step, where each subsequent opening downward is sized corresponding to a different, smaller electronic device." At the claim construction hearing, Plaintiff's counsel indicated that Plaintiff did not object to Defendant's construction if the Court struck the word "smaller." The Court agrees that inserting the word "smaller" provides a limitation that is unnecessary based on the Court's construction of the previous phrase. The Court construes the instant phrase as follows: "decreasingly sized sub-openings towards a bottom of the cavity, formed by at least one step, where each sub-opening is sized corresponding to a different sized digital music player."

### 4.     "a cavity in an upper surface of the base"[3]

The parties conceded at the claim construction hearing that this phrase does not require construction.

---

[2] '667 claims 1, 6, and 12

[3] '293 claims 1, 7 and '667 claims 1, 6

> 5. **"a support wall extending from the upper surface of the base for supporting one of the digital music players"**[4]

Both parties propose constructions that are more complicated than the phrase itself. The Court is not persuaded that this phrase requires any construction. Accordingly, the Court declines to construe this phrase beyond its plain and ordinary meaning. *See U.S. Surgical Corp. v. Ethicon, Inc.*, 103 F.3d 1554, 1568 (Fed. Cir. 1997) ("Claim construction is a matter of resolution of disputed meanings and technical scope, to clarify and when necessary to explain what the patentee covered by the claims, for use in the determination of infringement. It is not an obligatory exercise in redundancy.").

> 6. **"a means for supporting the digital music player extending from an upper surface of the base;"**[5]

Claims 12 of the '293 and '667 patents recite "a means for supporting the digital music player extending from an upper surface of the base." The use of the term "means" creates a presumption that the limitation should be construed as a means-plus-function limitation under 35 U.S.C. § 112, ¶6 (now paragraph (f)). *See Voter Verified, Inc. v. Election Sys. & Software, Inc.*, 745 F. Supp. 2d 1237, 1256-57 (M.D. Fla. 2010). Section 112 states:

> An element in a claim for a combination may be expressed as a means or step for performing a specified function without the recital of structure, material, or acts in support thereof, and such claim shall be construed to cover the

---

[4] '293 claims 1, 7 and '667 claims 1, 6

[5] '293 claims 12 and '667 claims 12
This limitation is subject to 35 U.S.C. § 112, ¶6

corresponding structure, material, or acts described in the specification and equivalents thereof.

There are two steps to a claim construction under section 112. The first step in construing a "means" clause is to identify the function recited in the claim. Next, the corresponding disclosure of the specification must be identified. *See Kemco Sales, Inc. v. Control Papers Co.*, 208 F.3d 1352, 1361 (Fed. Cir. 2000).

The parties agree that this claim should be construed as a means-plus-function limitation. They also agree that the function recited in claim 12 relating to the means language is for "supporting the digital music player," which the Court accepts.

The parties disagree on what structure is disclosed in the specification. Both parties propose a different description of the disclosed structure. Plaintiff proposes: "a support wall extending from an upper surface of the base with a cavity." Defendant proposes: "a support wall projecting upward from the top surface of the base." The Court accepts Plaintiff's proposal in part - the language "with a cavity" is unnecessary. Thus, the means for "supporting the digital music player" is construed as "a support wall extending from an upper surface of the base."

7. **"a means for accepting an end portion of a digital music player of the multiple digital music players"**[6]

---

[6] '293 claims 12 and '667 claims 12
This limitation is subject to 35 U.S.C. § 112, ¶6

Here, again, the parties do not dispute that "a means for accepting an end portion of a digital music player of the multiple digital music players" limitation of claim 12 is a means-plus-function limitation under section 112.  They also agree that the function recited in claim 12 relating to the means language is for "accepting an end portion of a digital music player of the multiple digital music players," which the Court accepts.[7]

With respect to whether the "disclosed structure" is "a stepped cavity," as Defendant claims, or "a cavity," as Plaintiff contends, the Court accepts Defendant's version.  The intrinsic evidence supports such an interpretation.  Figure 4 illustrates the stepped cavity.  The specification further discloses that a large device "fits within the outer cavity," the medium device fits in the "middle cavity," and the small device fits in the "inner cavity."  (Dkt. 44-1 at 4:64-5:20).  Thus, in order to perform the function of accepting each of the multiple devices, the disclosed cavity in the specification is stepped.  Notably, the claim later recites a "stepped means."  Thus, it would be improper to omit the word "stepped" as Plaintiff suggests.

### 8. "a stepped means for supporting the multiple digital music players within the means for supporting the digital music player"[8]

Here, again, the parties do not dispute that "a stepped means for supporting the multiple digital music players within the means for supporting the digital music players"

---

[7] Plaintiff accepted Defendant's proposed function at the Markman hearing as indicated in Plaintiff's Claim Interpretation Chart that highlighted the agreed upon language in green.

[8] '293 claims 12 and '667 claims 12
This limitation is subject to 35 U.S.C. § 112, ¶6

limitation of claim 12 is a means-plus-function limitation under section 112. They also agree that the function recited in claim 12 relating to the means language is for "supporting the multiple digital music players within the means for supporting the digital music player (i.e., a cavity)," which the Court accepts.[9]

With respect to the "disclosed structure," the Court construes it as follows: "steps or ledges forming decreasingly sized sub-openings towards a bottom of the cavity, whereas each step downward is sized to hold a different digital music player." This construction is consistent with the Court's previous constructions of the disputed claims.

It is therefore ORDERED AND ADJUDGED that the construction of the eight disputed claims shall be construed as set forth in this Order.

**DONE** and **ORDERED** in Tampa, Florida on July 21, 2015.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\2014\14-cv-1910.claim-construction-patent.wpd

---

[9] Plaintiff accepted Defendant's proposed function at the Markman hearing as indicated in Plaintiff's Claim Interpretation Chart that highlighted the agreed upon language in green.